UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:23-cv-21184-RNS

DAVID BETANCOURT,

    Plaintiff,

v.

BUGGY TECHNOLOGIES INC.,
a Florida Profit Corporation, and
ISABEL BERNEY, individually,

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS, BUGGY TECHNOLOGIES INC. AND ISABEL BERNEY

Plaintiff, DAVID BETANCOURT ("Plaintiff"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 55(b)(2) and this Court's Order (ECF No. 14), hereby moves this Court for the entry of a Default Final Judgment for Plaintiff against Defendants, BUGGY TECHNOLOGIES INC. ("Buggy Technologies"), a Florida Profit Corporation, and ISABEL BERNEY ("Ms. Berney"), individually, (collectively, "Defendants") and in support thereof, states as follows:

### Statement of Undisputed Facts

1. On March 24, 2023, Plaintiff filed a Complaint for unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Florida Minimum Wage Act, Fla. Stat. § 448.110, against Defendants (the "Complaint") (ECF No. 1).

2. On May 24, 2023, both Defendants were served with a summons and copy of the Complaint (ECF Nos. 7 and 8).

3. Upon Plaintiff's Motion for the Clerk's Entry of Default (ECF No. 9), the Clerk of Court entered default against Defendants (ECF No. 10) on June 15, 2023.

4. On June 28, 2023, this Court ordered that Plaintiff file a Motion for Default Final Judgment by July 10, 2023 (ECF No. 14).

5. To date, Plaintiff has not received notice of any attorney representing Defendants in this matter, Defendants have not moved to set aside the Clerk's Default, nor have Defendants otherwise responded to this lawsuit.

6. Accordingly, Plaintiff is entitled to the entry of a Default Final Judgment against Defendants, and Plaintiff respectfully requests that the Court enter the same.

7. Plaintiff has attached hereto as "Exhibit A" his Sworn Declaration in support of this Motion, which attests to the damages suffered by Plaintiff as a result of Defendants' violations of the FLSA and FMWA.

### Memorandum of Law

"A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2)." *Vasquez v. Moving Dudes LLC*, 19-CV-60663, 2020 WL 419385, at *2 (S.D. Fla. Jan. 27, 2020) (citing *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)). "[D]efault judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings." *Schwartz v. Four Residential, Inc.*, 16-CV-80423, 2016 WL 10952399, at *1 (S.D. Fla. Dec. 14, 2016) (citing *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); Pepsico, Inc. v. Distribuidora La Matagalpa, Inc., 510 F.

Supp. 2d 1110, 1113 (S.D. Fla. 2007); see also Owens v. Benton, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction)).

A default "acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint." *Murray v. Integra Prop. Services, LLC*, 16-CV-61532, 2016 WL 10932515, at *1 (S.D. Fla. Dec. 29, 2016) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief")). In other words, for a default judgment to stand, a plaintiff's complaint must properly state a claim. *Id.*; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (quoting *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed.Appx. 860, 863 (11th Cir. 2007).

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Schwartz*, 2016 WL 10952399, at *2 (citing *Secretary of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008)). To establish a claim for unpaid wages under the FLSA, a plaintiff must show that: (i) an employment relationship existed between the plaintiff and defendant; (ii) the parties are covered by the FLSA; and (iii) some work was performed for which the plaintiff was not properly compensated, providing the amount of such liability at least by a just and reasonable inference. *Michaud v. US Steakhouse Bar and Grill, Inc.*, No. 6:04-cv-1371, 2007 WL 2572197, *3-4 (M.D.

Fla. Sept. 5, 2007). An employer who violates the FLSA is liable to the employee affected in the amount of his unpaid wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA additionally authorizes an award of attorney's fees to the prevailing plaintiff in a proceeding to enforce its wage provisions. *Id.*

### I. An Employment Relationship Existed Between Plaintiff and Defendants

In the present case, Plaintiff submits a sworn declaration in which he states that he worked for Defendants as a full-time driver from on or about August 22, 2022 until on or about December 9, 2022. *See* Exhibit A ¶ 3. Moreover, by having failed to respond to Plaintiff's Complaint, Defendants admit that Plaintiff was an employee for Defendants as defined under the FLSA (ECF No. 1 ¶¶ 3, 5, 15). Therefore, Plaintiff has adequately established that an employment relationship existed between Plaintiff and Defendants.

### II. Defendants are Employers Covered by and Subject to the FLSA

#### A. Plaintiff has Established FLSA Enterprise Coverage.

To establish a claim under the FLSA, a plaintiff must allege that one of two types of coverage exists: (i) "enterprise coverage," which applies to the defendant employer; or (ii) "individual coverage," which applies to the plaintiff employee. *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) (citing 29 U.S.C. §§ 206(a), 207(a)(1)); see also *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). For enterprise coverage to apply under the FLSA, the employer must have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). Furthermore, the employer must have annual gross volume of sales made or

business done in excess of $500,000.00 during the plaintiff's employment.  *See* 29 U.S.C. § 203(s)(1)(A)(ii).

Here, Plaintiff has alleged that at all times material to the Complaint, "Buggy Technologies has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce" (ECF No. 1 ¶ 8). Moreover, Plaintiff has contended that Buggy Technologies "has had gross revenue which exceeds $500,000 for each of the past three (3) years, and utilizes goods in the flow of commerce across state lines" (*Id.* at ¶ 10).

At this stage, these allegations are sufficient to plead both prongs of enterprise liability. *See*, e.g., *Ceant v. Aventura Limo. & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("[p]lainly, [plaintiff] need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in [d]efendants' hands, not his."); *see also Chambers v. Bank of Am. Merch. Servs., LLC*, No. 18-61464-CIV, 2018 WL 7371879, at *2 (S.D. Fla. Sept. 25, 2018) (holding that plaintiff's allegation that defendant "had two (2) or more employees handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of running a bank," was "adequate at the pleading stage" to establish enterprise coverage).  Therefore, Plaintiff has adequately pled the existence of FLSA coverage as to Buggy Technologies.

**B.  Defendant, Miguel A. Selva, is a Joint Employer of Plaintiff Under the FLSA**

The FLSA defines "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Eleventh Circuit has held that "the FLSA contemplates that a covered employee may file suit directly against an

employer that fails to pay him the statutory wage or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986)). Therefore, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* at 637-38 (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "'Operational control means management of day-to-day business functions such as employee compensation, 'direct responsibility for the supervision' of employees, or general operations.'" *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1332 (S.D. Fla. 2016) (quoting *Baltzley v. Berkley Grp., Inc.*, 2010 WL 3505104, at *2 (S.D. Fla. Sept. 3, 2010)).

In the instant case, Plaintiff has alleged that Ms. Berney: (i) "is the owner and manager of Buggy Technologies"; (ii) "exercised operational control over" the activities of Buggy Technologies; and (iii) "controlled the manner in which Plaintiff performed his work, and the pay that Plaintiff was to receive." (ECF No. 1 ¶¶ 11-12). Therefore, Plaintiff is entitled to judgment against Ms. Berney as a joint employer.

### III. Defendants Did Not Pay Plaintiff Minimum or Overtime Wages as Required by the FLSA and FMWA

Plaintiff alleges that he was employed by Defendants from August 22 through December 9, 2022, was a non-exempt employee covered under the FLSA, and was not paid the minimum or overtime wages required by the FLSA (ECF No. 6; ECF No. 1 ¶¶ 5, 15, 16, 18-20; Exhibit A ¶¶ 7-9). As Defendants have failed to participate in this case, it is proper for the Court to determine FLSA damages based upon Plaintiff's Sworn Declaration. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-CIV, 2013

WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013); *Olson v. Superior Pontiac-GMC, Inc.*, 776 F.2d 265, 266 (11th Cir. 1985) (noting employer's burden to produce time records after employee has established, she has not been paid the required wages).

### A. Liquidated Damages

If a Plaintiff establishes an FLSA violation, then the district court must award liquidated damages unless the employer proves "that its violation was 'both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1352-53 (5th Cir. 1980), cert. 7 denied, 449 U.S. 1077 (1981)); *see also* 29 U.S.C. §260.  In other words, an employer who seeks to avoid liquidated damages as a result of violating the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds.  *See Joiner*, 814 F. 2d at 1537.

Here, since Defendants have not answered or otherwise responded to the Complaint, Defendants have not shown that liquidated damages are inappropriate.  *See* 29 U.S.C. § 260.  Accordingly, Plaintiff should be awarded liquidated damages.

### B. Minimum Wage Damages

Plaintiff alleges that he was employed by Defendants from approximately August 22 through December 9, 2022 as a driver (ECF No, 1 ¶ 16; Exhibit A ¶ 3).  During this period, Defendants initially compensated Plaintiff at a rate of $700.00 per workweek.  However, from October 1 through November 20, 2022, Defendants compensated Plaintiff at a rate of $600.00 per workweek (Exhibit A ¶ 6).  Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked up to 65 hours per week (ECF No. 1 ¶ 17; Exhibit A ¶ 5).  During the time that Plaintiff received $600.00 per week, Defendants failed to compensate Plaintiff at or above the

applicable minimum wage of $11.00 per hour ($600.00/week ÷ 65 hours/week = $9.23/hour). As set forth in Plaintiff's Statement of Claim, Plaintiff estimates that he is owed approximately $805.00 during this period of time (ECF No. 6 at 2; Exhibit A ¶ 8). Further, Defendants failed to compensate whatsoever for the work that Plaintiff performed for Defendants' benefit between November 21 and December 9, 2022. As calculated in Plaintiff's Statement of Claim, Plaintiff estimates that he is owed approximately $2,145.00 in minimum wages during his final three weeks of employment (ECF No. 6 at 2; Exhibit A ¶ 7). Therefore, Plaintiff estimates that Defendants owe him a total of **$2,950.00** in unpaid minimum wage (ECF No. 6 at 2; Exhibit A ¶ 7-8), plus an equivalent amount in liquidated damages for a total of at least $5,900.00, exclusive of attorneys' fees and costs.

### C. Overtime Wages Damages

Plaintiff alleges that he worked for Defendants as a non-exempt employee (ECF No. 1 ¶ 15). Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked up to 65 hours per workweek (ECF No. 1 ¶ 17; Exhibit A ¶ 5). Defendants have failed to compensate Plaintiff at the appropriate rate for all overtime hours worked (ECF No. 1 ¶¶ 20-21, 39, 67; Exhibit A ¶ 9). As a result, Plaintiff estimates that he is owed **$2,182.00** in unpaid overtime wages as calculated in Plaintiff's Statement of Claim (ECF No. 6 at 2-3; Exhibit A ¶ 9), plus an equivalent amount in liquidated damages for a total of at least $4,364.00, exclusive of attorneys' fees and costs.

### D. Entitlement to Attorneys' Fees and Costs

The FLSA provides for the award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). This includes parties who prevail on default judgment against a defendant employer. *Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008).

Accordingly, Plaintiff requests that the Court retain jurisdiction to determine the amount if fees and costs to which Plaintiff is entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Default Final Judgment against Defendants and grant such other relief as this Court deems just and proper.

Dated: July 10, 2023                           Respectfully submitted,

/s/ P. Brooks LaRou
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
Juan J. Perez, Esq.
Florida Bar No. 115784
Email: juan@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on <u>July 10, 2023</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF and via USPS First-Class Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ P. Brooks LaRou*
P. Brooks LaRou, Esq.

**SERVICE LIST**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:23-cv-21184-RNS

*Counsel for Plaintiff*:

Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
Juan J. Perez, Esq.
Florida Bar No. 115784
Email: juan@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200


*Defendants*:

Buggy Technologies Inc.
c/o Isabel Berney, Registered Agent
64 SW 18th Road
Miami, Florida 33130

Isabel Berney
64 SW 18th Road
Miami, Florida 33130


Method of Service: USPS First-Class Mail