UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-21184-CIV-SCOLA/GOODMAN

DAVID BETANCOURT,

      Plaintiff,

v.

BUGGY TECHNOLOGIES INC.,
a Florida Corporation, and
ISABEL BERNEY, individually,

      Defendants.

_____/

REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
MOTION FOR A DEFAULT JUDGMENT

      In this six-count, Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq* and Florida Minimum Wage Act ("FMWA") Fla. Stat. §448.110 case, Plaintiff, David Betancourt ("Plaintiff"), filed a Motion for a Default Judgment against Defendants Buggy Technologies Inc. ("Defendant Buggy") and Isabel Berney ("Defendant Berney" and collectively "Defendants"). [ECF No. 15]. Senior United States District Judge Robert N. Scola, Jr. referred Plaintiff's motion to the Undersigned for a Report and Recommendations. [ECF No. 16]. The Undersigned reviewed the motion and other relevant portions of the record.[1] As explained

_____

[1]     Defendants did not file a response to Plaintiff's motion, and the time to do so has now expired.

below, the Undersigned **respectfully recommends** that Judge Scola **deny** Plaintiff's Motion **without prejudice** and grant leave to amend his Complaint.

**I.      Background**

Plaintiff filed this action against Defendants under the FLSA and FWMA. [ECF No. 1]. Plaintiff's Complaint includes six counts: Count I (Violation of FLSA/Minimum Wages against Defendant Buggy); Count II (Violation of FLSA/Overtime against Defendant Buggy); Count III (Violation of FLSA/Minimum Wages against Defendant Berney); Count IV (Violation of FLSA/Overtime against Defendant Berney); Count V (Violation of FMWA against Defendant Buggy); and Count VI (Violation of FMWA against Defendant Berney). [ECF No. 1].

Plaintiff states that he used to work as a driver for Defendant Buggy, which is owned by Defendant Berney. *Id*. at ¶¶ 5, 11. He worked for Defendants from "on or about August 22, 2022 through December 9, 2022." *Id*. at ¶ 16. He alleges that Defendants failed to properly compensate him during his employment, such as taking improper deductions from his paycheck or simply not paying him. *Id.* at ¶ 18, 19.

After being duly served with process, Defendants failed to file a response to Plaintiff's Complaint. [ECF Nos. 7; 8]. On June 15, 2023, the Deputy Clerk filed an Entry of Default as to Defendants. [ECF No. 10]. Plaintiff now seeks the entry of a default judgment, as well as damages, including attorney's fees and costs, against Defendants. [ECF No. 15].

II.     **Applicable Legal Standard**

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the district court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008). "It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Mktg., Inc. v. SICIS Int'l, S.r.L.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996).

A court may not enter a default final judgment based solely on the existence of a clerk's default. "Prior to entering a default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendant, the defendant has been properly served, and the complaint adequately states a claim upon which relief may be granted." *Verdejo v. HP Inc.*, No. 21-20431-CIV, 2021 WL 5933727, at *12 (S.D. Fla. Nov. 8, 2021), *appeal dismissed*, No. 21-14267-JJ, 2022 WL 758024 (11th Cir. Jan. 20, 2022) (Scola, J.). A court is required to examine the allegations in the complaint to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. *See Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all the essential evidence is in the record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearing in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.").

## III. Legal Analysis

### A. Jurisdiction

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (*citing Nishimatsu*, 515 F.2d at 1206.).

Federal courts are courts of limited subject matter jurisdiction and must be vigilant in ensuring that they have jurisdiction over a case. "[B]ecause a federal court is powerless

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Moreover, the Court always has jurisdiction to determine whether it has jurisdiction over a matter. *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

The Complaint alleges six counts. Four of the counts (Counts I–IV) are alleged FLSA violations and the remaining two counts (Counts V and VI) are FMWA violations. Here, Plaintiff states that this Court has jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. The Undersigned agrees because the majority of the Complaint arises "under the laws of the United States" -- specifically the FLSA. *See* 28 U.S.C. § 1331. Because the FMWA claims arise out of the same controversy as the FLSA claims, the Court should exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367.

### B.     Default Judgment

Pursuant to the provisions of Federal Rule of Civil Procedure 55, when a party against whom affirmative relief is sought has failed to plead or otherwise defend, as provided by the Federal Rules of Civil Procedure, such as the Defendants in this action, a default shall be entered against that party. Because of the default, Defendants have admitted the well-pleaded allegations of the Complaint. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277–78 (11th Cir. 2005).

As noted earlier, "[d]efault does not automatically warrant the entry of default judgment." *Oxebridge Quality Res. Int'l, LLC v. LaBelle*, No. 8:20-CV-2176-CEH-SPF, 2023 WL 3227154, at *2 (M.D. Fla. May 3, 2023). Thus, the Undersigned must first determine whether there is a sufficient basis in the complaint for a judgment to be entered. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (internal citation omitted) ("A defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered[.]"); *see also, Buchanan*, 820 F.2d at 361 (stating "liability is well-pled in the complaint, and is therefore established by the entry of default").

Plaintiff's Complaint alleges that Defendants' practices violated both the FLSA and the FMWA. [ECF No. 1]. "[T]he requirements to state a claim of a FLSA violation are quite straight forward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege: "(1) an employment

6

relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages." *Ray v. Adams & Assocs., Inc.*, 599 F. Supp. 3d 1250, 1256 (S.D. Fla. 2022) (Bloom, J.) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

To be "engaged in commerce" under the FLSA, Plaintiff "must be directly participating in the actual movement of persons or things in interstate commerce by: (i) working for an instrumentality of interstate commerce, e.g., transportation" employee, or "(ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citations omitted). Under the FLSA, an employee "has the burden of proving that he performed work for which he was not properly compensated." *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1332 (S.D. Fla. 2016) (citing *Anderson v. Mt. Clements Pottery Co.,* 328 U.S. 680, 687 (1946)).

There are two different types of coverage under FLSA: enterprise and individual. Here, Plaintiff argues that enterprise coverage applies because Defendant Buggy "had two or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce." [ECF No. 15, p. 4]. Additionally, Plaintiff argues that FLSA enterprise coverage applies because Defendant Buggy "had gross revenue which exceeds $500,000 for each of the past three (3) years, and utilizes goods in the flow of commerce across state lines." *Id*, at 5.

In his Complaint, he described Defendant Buggy as a "private transportation company, servicing private and public schools in Miami and Broward. Buggy Technologies employs two or more individuals whose job duties include transporting children to and from school using gas-operated vehicles which have been moved in or produced for commerce." [ECF No. 1, ¶ 9]. However, at no point does Plaintiff establish **how** Defendants' business and his work for the company **connects** to interstate commerce. All Plaintiff highlights is that he drove students and ran errands for Defendants in Miami-Dade and Broward Counties.

In *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012), the plaintiff, a limousine driver, sued his employer under the FLSA alleging that enterprise coverage applied. In deciding whether or not to grant the defendant's motion to dismiss, the Court found that the plaintiff failed to properly plead enterprise coverage because,

> [t]he [c]omplaint provides no factual allegations about the nature of Ceant's work or the nature of Aventura Limousine's business. Although Ceant alleges he worked as a driver, . . . nowhere in the [c]omplaint does he say the nature of his work as a driver **and whether it involved a connection to interstate commerce**. Nor does the [c]omplaint allege what kind of transportation services Aventura Limousine provides to customers **or whether such services are tied to interstate commerce**. As a result, dismissal without prejudice is required.

*Id*. (emphasis added) (citing *Perez v. Muab, Inc.*, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) ("[The] [p]laintiff alleges only that 'during her employment with [the defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere

recitation of the statutory language.")); *see Mirabal v. Metro Parking Corp.*, No. 16-22000-CIV, 2016 WL 9455606, at *4 (S.D. Fla. Oct. 11, 2016) (granting motion to dismiss because, like in *Ceant*, the plaintiff, a chauffeur, recited boilerplate legal conclusions and failed to provide factual allegations illustrating a connection to interstate commerce to the Court); *Fernandez v. CheckAlt Eras, Inc.*, No. 20-CV-22746-UU, 2021 WL 7082947, at *4 (S.D. Fla. Jan. 7, 2021) (to properly allege FLSA coverage a complaint must sufficiently allege the nature of the defendant's business, the nature of the plaintiff's work, and the connection between the work and interstate commerce).

Here, while Plaintiff provides factual allegations as to his work and nature of the business, the Complaint lacks allegations of ***any*** connection or explanation tying that work to interstate commerce. Therefore, Plaintiff's Complaint fails to properly allege its claims under the FLSA.

**IV.     Conclusion**

For the reasons discussed above, the Undersigned **respectfully recommends** that Judge Scola **deny** Plaintiff's Motion for Default Judgment **without prejudice** and allow Plaintiff an opportunity to amend his Complaint.

Based on this recommendation, the Undersigned will not address the remainder of Plaintiff's claims and arguments because "[i]t is not necessary for the Court to determine damages at this juncture or to determine whether Plaintiff has standing to pursue the full [ ] amount. Plaintiff is not entitled to a default final judgment in [his] favor because [his]

Complaint is defective and should be dismissed for failure to allege [ ] jurisdiction."
*Worldwide Distributors, Inc. v. Maven Med, Inc.*, No. 22-23635-CIV, 2023 WL 4303847, at *25
(S.D. Fla. June 15, 2023), *report and recommendation adopted*, No. 22-23635-CIV, 2023 WL
4295421 (S.D. Fla. June 30, 2023).

## V.   Objections

The parties will have fourteen (14) days from the date of being served with a copy of
this Report and Recommendations within which to file written objections, if any, with the
District Judge. Each party may file a response to the other party's objection within fourteen
(14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo*
determination by the District Judge of an issue covered in the Report and shall bar the
parties from attacking on appeal unobjected-to factual and legal conclusions contained in
this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28
U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794
(11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on January
10, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to:</u>**

The Honorable Robert N. Scola, Jr.
All Counsel of Record